Ex. Parte

Lamar Lovett

No. D-1-DC-10-904094

76,070-06

Rebutal to State's Finding Of Fact and conclusions of Law To Transmit 11.07 and States original Response

RECEIVED IN COURT OF CRIMINAL APPEALS JUL 02 2015 Abel Acosta, Clerk

To The honorable Court of Criminal Appeals. I can not be held to the same stringent standards as an Attourney. My name is Lamar Lovett #T.D.C.J. 1687455. In my opinion Travis Co, has violated our Due process Rights. Travis Co. Used inadmissable evidence to convict me of Cause #D-1DC-10904094 and still are by trying to use the Following. In the Factual background of their Fact and conclusion of Law (☐) from the factual background (14) It states that P.S, the victim met the defendant Lamar Lovett at ~~Shoal~~ Shoal Creek Psychiatric hospital when they began a romantic relationship. This is True. It also states (15) P.S, went with the defendant Lamar Lovett to a party the Day after they left shoal creek. That is not true the record will reflect this. The Defendant and P.S went to this Party several month after getting released from schoal creek hospital ~~so~~ (15) also states that Someone else said that Someone else said that the defendant said, Lamar Lovett was complaing that the victim would not "give it up". That is Hearsay (19) The States witt-ness states that the defendant ~~told~~ him that he was Trying to Kill P.S, so she could not testify against him there is no recording of this and can not be gaurnteed to be true, ~~☐~~ mr Ware is not a credible witness

①

as he has accomplished all of this before and was caught lieing on the stand in another case in another state (23) A charge of solicitation to commit capitol murder was filed and also indicted on the defendant M,A Lovett the defendant (24) The state is trying to say on a charge of Attempted capitol murder was filed on mr Lovetts attempt to strangle P,S,, The Arrest affidavit says diffrent (25) After the Defendant was sentenced to prison on the the Attempted capitol murder saying the defendant beat and sexualy assaulted P,S, and trying to strangle her the D,A, dismissed Solicitation to commit capitol murder that was a seperate charge. This makes the testimony of mn ware and hard evidence. Inadmissable as dismissed Charges are inadmissable C,C,P, 37,071 also 37,071(a) CCP, states that unadjudicated offences are inadmissable $404(c) rule of evidence. (34) The Judgement of conviction for count vII should be vacated. Art 37,08 In a prosecution with a lesson included offence. The jury may find the defendant not guilty of the greator offence but guilty of the lessor included offence, 37,08 And 37,09 Art all throrow one of defendants 11.07 (38) Branniff is an experienced crim- inal Lawyer. The State Bar says he is or was schooled in Balisness and Insurance Law (41) nevertheless Branniff requev- ted a compentency evaluation because of the defendants mental Health history. Why? isn't this the trial courts job CCP, 42,12 9(b) (42) Dr Cantu evaluated the defendant and found him compentent to stand trial, I the defendant wur chained to the floor on medicudion 600 mgms of Seroquel and the evaluation lasted for 1,5 hours. This is a fact everyone else who gets evaluated or everyone else are put in a hospital and observed for several weeks or months before they are convicted (56) Dr Cantu evaluated defendant and asked questions related to sanity (59) The defendants writ counsel ms Eldridge obtained the defendants mental health records from school creek

②

and the Trauls co-sail the records were admitted into evidence. They are proved to be very easy tell as the trial court is asking the court of criminal Appeals to vacate the Agg Asslt so there is proof that the defendants mental health issues could show reasonable doubt (60) Dr Cantu and mr Braniff reviewed these records before the writ hearing (61) They could not recall weather they had seen these records before trial. (62) These records confirmed what Dr Cantu and mr Braniff allready knew, namely the defendant spend time at school creek following a suicide attempt that he was diagnosed with schizoaffective disorder Bi Polar type that the defendant had been perscribed medication and that the defendant was seeing counselors while in jail for his mental issues.

(63) These records did not change any of Dr cantu's testimony or Braniff mind on trials strategey (64) Braniffs decision not to introduce evidence about the defendants mental Health during the guilt/innocence phaze of trial was reasonable because the defendant mental health was not relevant at guilt inocences pance of trial since the defendants defence was he did not do it. Isn't this the reason we have C.C.P, 42.12 96) (67) Braniffs decision not to pursue diminished capacity defence was reasonable, once again 42.12 9(i) (60) Dr cantu could not say that the defendant was not capable of dorming the regulside mental state, (61) Dr cantu could not say wedher the defendants mental health issues affected the defendant at all because the defendant could not remember anything that happend (62) additionaly there is no evidence to show that the defendant was having a psychatic episode that night. All of the above said on before mend lord evidence

③

on record about defendants mental health history says he is one messed up individual and give evidence to defendants 11007. 42,12 9(i)(77) Brantff did not introduce evidence of defendants mental health at the Punishment Phase of trial. But did mention it in his final argument (84) Found the jury was aware that the defendant had mental Health Issues. That he and victim met in a Psychiatric hospital. 42,12 9(i) Thus the jury had already taken into account when assessing the defendants sentences. The defendant has not shown by a preponderance of evidence that the extensive evidence of his mental issues would have led to a lessor sentence. MS Eldridge has gotten the District Court to ask that the Agg Asslt be vacated (86) Third the defendant knew he had on was supposed to be taking medication but he chose not to. The Jury could have held this against him id he tried to argue he was less culpable based on his mental health issues. Is this statement further proof of CCP 42,12 9(i)(87) while in jail on medication the defendant Solicited a fellow inmate to kill the victim in other word he is danger even while on medication for his mental issues again the jury could have considered this an aggravating factor. This is inadmissable due to solicitation be being dissmissed. The defendant has not met his burden to show that he was harmed because he has produced no evidence about what officer would have testified to on how it would have helped his defence any more than what was introduted

The jury, To have a crime with the same m.o. happen within 500 yards of the scene while the defendant was locked up would prove reasonable doubt also. There is proof of the defendants mental Illness for C.C.P. 42.12.9(i) to have been used by the state. I hope you view my last words correctly. There is proof that D lst 299 carried on an illegal Trial by not complying with code of Criminal procedure and use of Inadmissable evidence to convict Lamar Lovett by using 404(b) improperly. I Lamar Lovett the defendant do have a mental Illness I am schizoeffective Bi Polar Type. I do need help to treat this mental Illness your attention to this motion is Greatly Appreciated.

## Prayer

Where fore the Defendant prays that the court of Criminal Appeals Grants Relief of all charges of D-1-DC-10-904094

## Declaration

I the Defendant Lamar Lovett declare under the penalty of Perjury that all things said in this motion are True and exact to my knowledge.

Signed Lamar Lovett TDCJ
Lamar Lovett 1647455
3614 Bill Price Rd
Del Valle TX 78617